**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4520

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID FREEMAN NIBERT,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:05-cr-00206-ALL)

Submitted: December 20, 2006    Decided: January 12, 2007

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Stephanie L. Haines, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Nibert appeals his sentence for transporting a minor across state lines to engage in sexual activity, a violation of 18 U.S.C. § 2423(a) (2000). Finding no reversible error, we affirm.

Nibert first argues that the district court erred in its application of U.S. Sentencing Guidelines Manual (USSG) § 3A1.1 (2005) by not specifying how the victim was particularly vulnerable to the offense. In reviewing the calculation of the advisory sentencing guideline range, this court "review[s] the district court's legal conclusions de novo and its factual findings for clear error." United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006). We find that the district court did not clearly err in its determination of the victim's unusual vulnerability and Nibert's targeting of that vulnerability pursuant to our decision in United States v. Singh, 54 F.3d 1182, 1190-91 (4th Cir. 1995).

Nibert also argues that the district court clearly erred in denying him a sentence reduction for acceptance of responsibility, USSG § 3E1.1 (2005). United States v. May, 359 F.3d 683, 688 (4th Cir. 2004). We conclude from the materials before us on appeal that the district court did not clearly err in refusing to apply an acceptance of responsibility downward adjustment.

- 2 -

Accordingly, we affirm Nibert's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED